Suárez et al., Plaintiffs and Appellees, v. Municipal Assembly of Carolina, Defendant and Appellant.

### Appeal from the Second District Court of San Juan in Certiorari Proceedings.

No. 3118.—Decided May 31, 1924.

Municipalities— Municipal Assembly— Expulsion of Members— Taxation— Municipal Ordinance.—As a municipal assembly has no power to expel its members (*Suárez et al.* v. *Municipal Assembly of Carolina*, decided May 31, 1924), it follows that two ordinances imposing an additional tax on real property of the municipality, adopted at a session at which all of the members of the assembly were present, among them the two who were unlawfully

expelled and not allowed to vote, are absolutely void because they were not adopted by a vote of two-thirds of the members of the assembly, as required by subdivision *c* of section 49 of the Municipal Law.

The facts are stated in the opinion.

*Mr. J. B. Soto* for the appellant.

*Mr. R. Rivera Zayas* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This certiorari proceeding is the consequence of another between the same parties that we have decided today under number 3119. In that we held that the Municipal Assembly of Carolina had no authority to expel delegates Mariano Suárez and Fernando Rodríguez, as it did by a resolution of February 19, 1923.

The proceeding brought by the said delegates in this case is based on the fact that on the same day and as soon as they were expelled from the municipal assembly by the said unlawful resolution, and the nine members of the assembly being present, among them the expelled petitioners, the assembly passed by a vote of five against two, the petitioners not being allowed to vote, two ordinances imposing an additional tax on the real property of the said municipality, for which reason they prayed the court to annul the said ordinances. The court rendered judgment in accordance with that prayer and the Municipal Assembly of Carolina took the present appeal.

Section 49 of the Municipal Law, as amended in 1921, provides a follows:

"Sec. 49.—That the municipal revenues shall consist of—

\*    \*    \*    \*    \*    \*    \*

" (c) Any surcharge of the tax on taxable property of the municipality, provided, it shall be so decided by two-thirds of the municipal assembly; or, where this is not possible, either because some offices are vacant, or because some of its members fail to attend the meetings, or for any other reasons, said ordinances may be adopted by a majority of its members. \*    \*    \*."

The appellant alleges that although the expulsion of

these two members was unlawful and void, yet until such declaration was made by a court of jurisdiction the resolution expelling them had to produce its effects and, therefore, it not having been .annulled when these ordinances were passed, the said delegates could not be considered as present and entitled to vote and the ordinance could be passed by a majority; and, furthermore, that according to the law ordinances of this kind can be passed by a majority when owing to the obstinacy of some of its members this can not be done by a two-thirds vote.

If the municipal assembly had no authority or power to expel the appellees, and we have so held, their expulsion could have no effect, even if the nullity of the resolution had not been declared by the courts, for what is done without authority, power or jurisdiction is as if it never had been done. Therefore, the expulsion of the appellees did not produce vacancies in their offices so that by reason of such vacancies the vote of two-thirds of the members of the municipal assembly could be dispensed with in passing the ordinances attacked. It would be very easy for a municipal assembly to create vacancies among its members, though unlawfully, in order to pass ordinances of the kind under consideration and ignore in this manner the intent of the law that they shall be passed by two-thirds of its members.

With regard to the other matter urged by the appellant in support of the ordinances, we do not consider that the opposition of some members of the assembly, even if obstinate, to certain ordinances is a fact which justifies their being passed by a majority and not by a two-thirds vote, and such obstinacy is shown nowhere in the record. If such a theory were sustained the will of the Legislature would be annulled, because a divergency of opinion regarding the passing of an ordinance, which is a matter of everyday occurrence everywhere, would be sufficient for dispensing with the two-thirds vote. The words of the statute

"or for any other reasons" must mean something different from a difference of opinion preventing the passing of an ordinance.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.